IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Gerald Comer, | ) | C/A No.: 0:08-228-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Life Insurance Company of Alabama, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the court on plaintiff Gerald Comer's ("Comer") motions for class certification [dkt. # 29] and partial summary judgment [dkt. # 55]. The parties fully briefed the motions and, after considering the briefs and hearing oral argument, the court grants, in part, Comer's motion to certify the class, and grants, in part, his motion for partial summary judgment. This order serves to memorialize the court's rulings.

I.  Factual and Procedural History

In 1989, Comer purchased a supplemental insurance policy (the "policy") from the Life Insurance Company of Alabama ("Alabama Life"). The policy provided that in return for Comer's payment of premiums, Alabama Life would pay benefits in the event that he or another member of his immediate family was diagnosed with cancer. The benefits owed under the policy depended on the specific type of treatment administered. In dispute is the policy's promise to pay benefits for radiation and chemotherapy in the amount of the usual and customary charges made. The policy defines the "usual and customary charges made" as:

> The usual charge made by a person or entity furnishing the services, treatment or material. Such charge shall not exceed the general level of charges made by others within the geographic area in which the services are rendered for an illness comparable in severity and nature.

Comer's wife was diagnosed with cancer in 2007, and Comer began submitting claims to Alabama Life under the policy. Comer's wife was covered by Medicare and Alabama Life paid Comer's claim for chemotherapy based on the Medicare fee schedules. Comer alleges that the usual and customary charge to which he is entitled pursuant to the policy is the amount initially charged by his wife's provider, or, at a minimum, some amount higher than the Medicare fee schedule.

Comer alleges that on February 13, 2001 Alabama Life changed its claims handling procedure for policies similar to the policy at issue, such that prior to February 13, 2001, it paid benefits in the amount billed by the medical provider in the first instance, and that subsequent to February 13, 2001, it determined benefits based solely on explanation of benefit ("EOB") forms from individual policy holders and from Medicare fee schedules.

Comer filed the present suit, styled as a class action, on January 24, 2008 in United States District Court, Rock Hill Division, alleging breach of contract, breach of contract accompanied by a fraudulent act, and breach of the duty of good faith.

Comer moved on January 30, 2009 to have the court certify the following class:

> all persons insured during the Class Period, who purchased cancer polices [sic] from the Defendant and who were paid less that the contractual amount under the "Radiation and Chemotherapy" provision on claims they submitted to Defendant. The cancer policies are identified as Life Insurance Company of Alabama policies numbered C13, C23, C27, and/or other cancer polices sold

> in South Carolina by Defendant regardless of the internal number assigned to the policy. Excluded from the proposed Class are the officers, directors, and employees of Defendant. The Class Period is the maximum length of time not time-barred.

[Pl. Mo. Class Cert. 1] In an order dated May 26, 2009, the court found that the proposed class composition and the alleged damages compelled individualized inquiry into liability, which precluded certification under the predominance requirement of Rule 23(b)(3). Fed. R. Civ. P. 23(b)(3). On appeal, the Fourth Circuit revered the court's denial of class certification, finding error with the court's predominance analysis. On a petition for rehearing en banc, the Fourth Circuit directed the court to "(1) consider any class action factors not previously addressed, and (2) re-evaluate its predominance analysis in keeping with our previous order." On remand, the court requested and received additional briefing from the parties on Comer's motion to certify class, and heard oral argument on December 28, 2009.

By prior motion dated July 2, 2009, Comer moved for partial summary judgment on whether Alabama Life breached its contract by failing to pay benefits based upon the usual and customary billed charges either made by his wife's provider, or based upon the customarily billed charges of other providers in the same geographic area. The motion was fully briefed and the court heard oral argument on August 5, 2009, just prior to the appeal of the court's class certification ruling. After the court regained jurisdiction on remand, the court heard additional argument at the December 28, 2009 hearing. The court granted, in part, plaintiff's motion for partial summary judgment, and his motion for class certification

3

subject to the terms of this order.

II.     Discussion

Rule 23 sets forth the requirements necessary for proceeding as a class. The court must find that moving party has established each of the four requirements under Rule 23(a), as well as at least one requirement under Rule 23(b). Rule 23(a) provides that a plaintiff may sue as representative on behalf of a class only if:

> (1)     the class is so numerous that joinder of all members is impracticable ("numerosity");
> (2)      there are questions of law or fact common to the class ("commonality");
> (3)     the claims or defenses of the representative parties are typical of the claims or defenses of the class ("typicality"); and
> (4)     the representative parties will fairly and adequately protect the interests of the class ("adequacy of representation").

Fed. R. Civ. P. 23(a). The Fourth Circuit recently reiterated that "the final three requirements of Rule 23(a) tend to merge, with commonality and typicality serving as guideposts for determining whether maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." Brown v. Nucor Corp., 576 F.3d 149, 152 (4th Cir. 2009). The Fourth Circuit also reminded district courts that at the class certification stage, courts need only concern themselves with the commonality and numerosity of claims, and not their apparent merit. Id.

Should the class satisfy the requirements of Rule 23(a), Rule 23(b) provides three bases upon which a class action may be maintained. Comer seeks certification under Rule

4

23(b)(3). That subsection allows for certification where:

> the court finds that the questions of law or fact common to the class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Fed. R. Civ. P. 23(b)(3). The court will address each of these requirements in turn.

### A. Comer has Satisfied the Class Certification Requirements of Rule 23

#### I. Numerosity

A class action may be maintained only if the class is "so numerous that joinder of all members is impracticable." Brady v. Thurston Motor Lines, 726 F.2d 136, 145 (4th Cir. 1984). The Fourth Circuit has held that "[n]o specified number is needed to maintain a class action," Cypress v. Newport News Gen. & Nonsectarian Hosp. Ass'n, 375 F.2d 648, 653 (4th Cir. 1967), though a class containing "74 persons is well within the range appropriate for class certification" and classes as small as 18 have been certified. Brady, 726 F.2d at 145. District courts have broad discretion in deciding whether to allow the maintenance of a class action. Id.

The parties do not dispute that 110 individuals in South Carolina, in addition to Comer, submitted claims that were paid pursuant to policies where the radiation and chemotherapy benefit provisions were measured by the usual and customary charges. Of the 110 claimants, it appears that ten received benefits in the amount submitted to Alabama Life, and would appear to be outside of the class as proposed by Comer. Of the remaining 100 claimants, nineteen appear to be completely time-barred from recovering on any of the

proposed class claims, leaving 81 non-time-barred parties in South Carolina asserting at least some common claims. The court finds that joinder of such a large number of persons would be impracticable under the circumstances and that Comer has satisfied the numerosity requirement.

  ii. Commonality

Rule 23(a)(2) requires a common question of law or fact common to the class. In other words, there must be at least one material fact or legal issue shared by each class member. Holsey v. Armour & Co., 743 F.2d 199, 216–17 (4th Cir. 1984). "A common question is one that can be resolved for each class member in a single hearing." Thorn v. Jefferson-Pilot Life Ins. Co., 445 F.3d 311, 319 (4th Cir. 2006). Here, Comer asserts that the manner or practice by which Alabama Life determined benefits under the contract constituted a breach of contract which is common to the entire class (Pl. Compl. ¶ 12). The court agrees that this claim, at a minimum, creates a question of law common to the proposed class. This is a breach of contract case that turns almost solely on the definition of "the usual and customary charge" as defined in the contract. At this juncture, the question of what constitutes the usual and customary charge is a question common to all proposed class members and may be resolved in a single hearing. Accordingly, the court finds that Comer has satisfied the requirements of Rule 23(a)(2).

  iii. Typicality

Rule 23(a)(3) requires the representative's claim be typical of the class as a whole.

The United States Supreme Court "has repeatedly held that a class representative must be part of the class and possess the same interest and suffer the same injury as the class members." Broussard v. Meineke Disc. Muffler Shops, Inc., 155 F.3d 331, 338 (4th Cir. 1998) (internal citation omitted). Essentially, the typicality requirement ensures that "only those plaintiffs who can advance the same factual and legal arguments may be grouped together as a class." Id. at 340. The typicality requirement is met if a plaintiff's "claim arises from the same event or course of conduct that gives rise to the claims of other class members and is based on the same legal theory." Simpson v. Specialty Retail Concepts, 149 F.R.D. 94, 99 (M.D.N.C. 1993).

Comer alleges that he and the proposed class members all suffered damages as a result of the manner in which Alabama Life handled claims and determined benefits under certain supplemental insurance policies. The record appears to indicate that Alabama Life paid benefits after February 13, 2001 based solely on either EOB forms or Medicare fee schedules, rather than on the medical service provider's initial bill. (Pl. Mot. Class Certification. Ex. 2.) If the court determines that this course of conduct breached the terms of the contract between Comer and Alabama Life, the court would necessarily find that Alabama Life breached its contracts with the remainder of the class. Accordingly, the court finds that Comer's breach of contract claim is typical of those in the proposed class.

Alabama Life asserts that the bad faith and breach of contract accompanied by a fraudulent act claims are not amenable to class treatment as individual findings with regard

to intent and reliance preclude finding typicality within the proposed class. Alabama Life also asserts that individualized findings will be necessary to pursue its statute of limitations defenses, also preventing a finding of typicality. Accordingly, the court must undertake to determine the validity of these contentions. Thorn, 445 F.3d at 319 (finding that a court must take a close look at the facts relevant to the certification question, even if they "tend to overlap with the merits of the case), accord Gariety v. Grant Thornton, LLP, 368 F.3d 356 (4th Cir. 2004) ("[W]hile an evaluation of the merits is not part of a Rule 23 analysis, the factors spelled out in Rule 23 must be addressed through findings, even if they overlap with issues on the merits.").

In order to prevail on a claim for breach of contract accompanied by a fraudulent act, a plaintiff must establish (1) breach of contract, (2) fraudulent intent relating to the breaching of the contract and not merely to its making, and (3) a fraudulent act accompanying the breach. Conner v. City of Forest Acres, 560 S.E.2d 606, 612 (S.C. 2002). South Carolina has refused to establish exactly what constitutes a fraudulent act in the context of a claim arising out of breach of contract. Indeed, the South Carolina Supreme Court has written:

> Fraud assumes so many hues and forms, that courts are compelled to content themselves with comparatively few general rules for its discovery and defeat, and allow the facts and circumstances peculiar to each case bear heavily upon the conscience and judgment of the court or jury in determining its presence or absence.

Wright v. Pub. Sav. Life Ins. Co., 204 S.E.2d 57, 59 (S.C. 1974). This definition of fraud, combined with the requirement of fraudulent intent or motive at the time of each breach,

8

would seem to require individualized inquiry. However, the South Carolina Supreme Court has provided guidance where the plaintiff rests his argument on a misrepresentation, expressly requiring a showing of reliance on the representations. Vann v. Nationwide Ins. Co., 185 S.E.2d 363 (S.C. 1971).

Comer asserts that Alabama Life's fraudulent act consisted of "informing the Plaintiff at the time of the breach that the policy provided coverage for 'allowable' (or some other reduced amount) charges, and promising that other health insurance benefits would in no way reduce the benefits provided in the cancer policy." (Pl. Compl. ¶ 42.) (emphasis supplied). As the claim alleges misrepresentations, the law requires individualized showings of reliance; such a requirement proves fatal, in this case, to a finding of typicality on the breach of contract accompanied by a fraudulent act claim. See Gunnells v. Healthplan Services, Inc., 348 F.3d 417 (4th Cir. 2003) ("almost inevitably, establishing [reliance] requires individualized inquiry"); Broussard v. Meineke Disc. Muffler Shops, Inc., 155 F.3d 331, 338 (4th Cir. 1998) (proof of reliance depends on fact-intensive inquiry into what information each plaintiff actually had); see also Castano v. Am. Tobacco Co., 84 F.3d 734, 745 (5th Cir. 1996) (a "fraud class action cannot be certified where individual reliance will be an issue").

To prevail on a bad faith claim against an insurance company, a plaintiff must establish (1) the existence of a mutually binding contract of insurance between the plaintiff and defendant, (2) refusal by the insurer to pay benefits due under the contract, (3) resulting from the insurer's bad faith or unreasonable action in breach of an implied covenant of good

9

faith and fair dealing arising on the contract, (4) causing damages to the insured. Crossley v. State Farm Mut. Auto Ins. Co., 415 S.E.2d 393, 396-97 (S.C. 1992).

Bad faith "is a knowing failure on the part of the insurer to exercise an honest and informed judgment toward processing a claim." Doe v. South Carolina Med. Malpractice Liab. Joint Underwriting Ass'n, 557 S.E.2d 670, 674 (S.C. 2001). An insurer acts in bad faith when "there is no reasonable basis to support the insurer's decision." Cock-n-Bull Steak House v. Generali Ins. Co., 466 S.E.2d 727, 730 (S.C. 1996). Determining whether the facts support the denial of benefits, or whether there was any reasonable basis for failing to pay benefits, requires an individual assessment of the facts of each claim. Unlike determining liability based on a uniform course of contract interpretation, the bad faith claim compels the court to consider any reason for not paying the alleged benefits owed under the contract. All manner and variety of defenses have been forecast by Alabama Life. Accordingly, the court finds the bad faith claims atypical of one another, necessitating mini-trials on liability, and ill-suited to class-wide resolution.

Alabama Life asserts that its statute of limitations defense precludes a finding of typicality pursuant to the Fourth Circuit's holding in Thorn v. Jefferson-Pilot Life Ins. Co., 445 F.3d 311 (4th Cir. 2006). However Thorn analyzed the statute of limitations issue in the context a predominance analysis and this court will do the same. See Thorn, 445 F.3d at 329, n.22 (finding that when a statute of limitations defense would require individual hearings in at least some cases, class certification is erroneous under Rule 23(b)(3)).

iv. Adequacy of Representation

Rule 23(a)(4) requires that "the named Plaintiff will fairly and adequately protect the interests of the class." The general rule is that to satisfy Rule 23(a)(4), "(1) counsel must be qualified, experienced, and generally able to conduct the proposed litigation; and (2) plaintiffs' claims must be sufficiently interrelated with and not antagonistic to the class claims." Lott v. Westinghouse Savannah River Co., Inc., 200 F.R.D. 539, 561 (D.S.C. 2000). "The adequacy of plaintiffs' counsel, like that of individual plaintiffs, is presumed in the absence of specific proof to the contrary." South Carolina Nat'l Bank v. Stone, 139 F.R.D. 325, 330–31 (D.S.C. 1991). Courts generally hold that the employment of counsel assures vigorous prosecution. Id. Rule 23(g) requires courts to assess (1) the work counsel has done in identifying or investigating potential claims, (2) counsel's experience in handling class actions or other complex litigation, (3) counsel's knowledge of the applicable law, and (4) the resources counsel will commit to representing the class. Comer has retained four experienced and knowledgeable lawyers who have already committed substantial resources to the case; the court finds no reason to believe such vigorous representation will abate post certification. Chad McGowan, Kevin Sitnik, Robert Phillips, and Steven Hood are hereby approved and appointed as class counsel.

The second consideration under Rule 23(a)(4) is whether the interest of the named plaintiff coincides with the general interests of the class. Given the substantially similar or identical nature of the contract claim between the named plaintiff and the class members,

there is little potential for conflicting interests in this action. Comer is hereby appointed as class representative.

   v.  Predominance

The predominance requirement under Rule 23(b)(3) "is similar but 'more stringent' than the commonality requirement of Rule 23(a)." Thorn v. Jefferson-Pilot Life Ins. Co., 445 F.3d 311, 319 (4th Cir. 2006). "Whereas commonality requires little more than the presence of common questions of law and fact, Rule 23(b)(3) requires that 'questions of law or fact common to the members of the class predominate over any questions affecting only individual members." Id. Essentially, the predominance requirement tests whether the class is sufficiently cohesive to warrant adjudication by representation. Id.

According to the Fourth Circuit, liability in this case is premised on "whether [Alabama Life] breached its obligation to pay benefits in the manner promised in its insurance policy." Comer v. Life Ins. Co. of Alabama, No. 09-242, at *4 (4th Cir. September 2, 2009). The court finds that this question predominates over any questions affecting only individual members of the class and notes that individualized measures of damages will be necessary, but that such a task is not fatal to class certification. See Gunnells v. Healthplan Services, Inc., 348 F.3d 417, 427–28 (4th Cir. 2003) ("Rule 23 contains no suggestion that the necessity for individualized damage determinations destroys commonality, typicality, or predominance, or otherwise forecloses class certification.").

Nonetheless, the Fourth Circuit's amended order, dated September 22, 2009, instructs

the court to reassess all aspects of certification, including the predominance analysis. Accordingly, the court turns to Alabama Life's contention that the Fourth Circuit's holding in Thorn regarding individualized statute of limitations defenses precludes a finding that common issues predominate. The court disagrees.

An action for breach of contract generally "accrues at the time the contract is broken." Livingston v. Sims, 15 S.E.2d 770, 772 (S.C. 1941); see Comer v. Life Ins. Co. of Alabama, No. 09-242, n.2 (4th Cir. September 2, 2009). Moreover, the provision found at S.C. Code Ann. § 38-71-340(11) provides a six-year statute of limitation for "all actions arising under health and accident [insurance] policies." Johnston v. Commercial Travelers Mut. Accident Ass'n of Am., 131 S.E.2d 91, 94 (S.C. 1963) (finding that the identical wording in the predecessor statute to section 38-71-340(11) provided a six-year statute of limitation). Accordingly, the court finds that a six-year statute of limitations applies to the breach of contract claim and that the claim in the case began to run at the time of breach.

On Comer's theory, the breach would have occurred when Alabama Life "paid [Comer] and the class members the lower negotiated costs accepted by providers." Comer v. Life Ins. Co. of Alabama, No. 09-242, at *4 (4th Cir. September 2, 2009). Comer has offered evidence in the form of a letter dated February 13, 2001 from Ray Renfrow, the Executive Vice President and Agency Director of Alabama Life, to all agents, general agents, and regional directors directing them to cease paying the actual charges of service providers and instead to base benefits on requested EOBs. Comer alleges that each claim submitted

13

from February 13, 2001 forward resulted in a breach of contract. Comer filed the present action on January 24, 2008, slightly less than seven years after the change in contract interpretation. Accordingly, some claims appear to be barred on their face, while the majority appear to be within the statute of limitations.[1] Because determining when the statute began to run may be accomplished through the use of a simple spreadsheet or other database mechanism, the court finds that issues concerning the statute of limitations should not require mini-trials and do not prove fatal to the predominance analysis.

      vi.     Superiority

Rule 23(b) requires the court to find that proceeding as a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Thorn, 445 F.3d at 319. In assessing the superiority requirement, the court should consider the following nonexhaustive guidelines: (1) the class members' interests in individually controlling the prosecution of defense of separate actions, (2) the extent and nature of any litigation concerning the controversy already begun by or against class members, (3) the desirability or undesirability of concentrating the litigation of the claims in the particular forum, and (4) the likely difficulties in managing a class action. Fed. R. Civ. P. 23(b)(3)(A)–(D).

Comer argues that the expense of individual actions would be prohibitive when weighed against the potential individual recovery of the vast majority of class members here.

---

[1] Alabama Life asserts that individual tolling agreements should also be assessed in the typicality and predominance analyses, however what it refers to as a tolling agreement has no bearing on the claims before the court because such claims did not accrue until it allegedly failed to pay benefits in the manner set forth in the policy.

Comer also argues that a key goal of class actions is to give individuals the opportunity to have their day in court and litigate claims which would otherwise be uneconomical to pursue. Phillips v. Shutts Petroleum, 472 U.S. 797, 809 (1985). Alabama Life asserts that the average difference between the amount paid and the amount billed by the provider total over $20,000 per claimant and that punitive damages may be available, providing ample incentive for individual litigants. Alabama Life points to six individual suits filed against it in state and federal court in Alabama and Kentucky as evidence that individuals are willing to pursue their individual claims. The court finds that common interests in litigating the meaning of the contract outweigh the interests of individuals. Despite the fact that several suits have already been filed in other states, the court is unaware of any suit seeking an interpretation of the contract under South Carolina law. In light of the paucity of suits seeking to interpret the policy, the court finds that the class members' conduct evinces little evidence that individuals seek to control their own, separate litigation.

As to the desirability of concentrating the litigation of the claims in South Carolina, the court finds that this factor weighs in favor of certification. The class comprises solely South Carolina policy holders seeking an interpretation of a contract governed by South Carolina law for benefits based on charges made by medical service providers in South Carolina. Concentrating litigation in South Carolina should reduce the burden for many potential witnesses, and parties should enjoy easy access to the forum. Accordingly, the court finds concentrating litigation in this forum desirable.

15

The determination of any damages in a class action may cause manageability issues at the damages phase, if the case proceeds to that point. Depending on the court's interpretation of the contract, comparatively little effort would need to be expended to manage the class. However, if the court construes the contract in such a manner as to require complex, highly individualized assessments as to the usual and customary charge for each class member, the predominance of common issues and the superiority of the class action vehicle may not be as clear as they are at present and may warrant review in a motion to decertify class. See, e.g. Fed. R. Civ. P. 23(c)(1)©. While recognizing the potential for future manageability pitfalls, the court finds that they do not doom the class at this time. See Windham v. American Brands, Inc., 565 F.2d 59 (4th Cir. 1977) ("Concededly, a district court should not decline to certify a class because it fears that insurmountable problems [calculating damages] may later appear."); see also Moore's Federal Practice § 23.45[2][b] (indicating that courts have denied certification where calculations of damages are complex or otherwise burdensome).

For the foregoing reasons, the court finds that the class action format is superior to requiring each individual plaintiff to retain an attorney and file suit against Alabama Life. The dozens of lawsuits that would result from denying certification would burden the court system with an identical question of liability under the contract. Accordingly, the court finds that certifying a class, on solely the breach of contract claim, serves the fairness and efficiency aims of Rule 23(b).

B.  Comer's Motion for Partial Summary Judgment is Granted in Part

Comer seeks a determination that Alabama Life breached its contract with Comer by failing to pay benefits based upon the usual and customary billed charges either made by his wife's provider, or based upon the customarily-billed charges of other providers in the same geographic area. Specifically, Comer argues (1) that the term usual and customary clearly and unambiguously provides that the benefits payable are to be calculated based on the amounts billed, or in the alterative (2) that the term is patently ambiguous and must be construed against Alabama Life. Alabama Life argues in its response that summary judgment is inappropriate because Comer has not shown that it failed to pay benefits lower than the usual and customary charge, without which liability cannot attach.

On appeal of the order denying class certification, the Fourth Circuit held that liability was premised on whether Alabama Life failed to pay benefits in the appropriate manner, not the appropriate amount. Because the Fourth Circuit's opinion touched on issues central to construing the contract and fundamental to resolving Comer's motion for partial summary judgment, the court finds the Fourth Circuit's opinions in this case warrant the parties rebriefing the issue. Therefore, the court denies without prejudice the motion for partial summary judgment, with leave to refile the motion in its current form, or with any desired changes in scope in light of the findings herein and the Fourth Circuit's intervening opinions.

Rule 56(d)(1) indicates that where summary judgment cannot be rendered, the court should seek to identify and establish material facts. The issue of whether Alabama Life

17

performed any calculation to determine benefits may materially impact the resolution of this matter, and from the briefs as well as several hearings before the court, the court finds that Alabama Life performed no independent calculation in determining benefits defined as the usual and customary charge under the policy.

III.  Conclusion

For the foregoing reasons, Comer's motion for class certification [dkt. # 29] is granted with regard to the breach of contract claim and denied with regard to the breach of contract accompanied by a fraudulent act claim and the bad faith claim. Notwithstanding this certification, the court reserves the right to decertify or otherwise modify the class at a future date. Within fourteen (14) days from the date of this order, plaintiffs' class counsel shall file and serve a proposed class notice with the court. Alabama Life shall have fourteen (14) days thereafter within which to file objections, if any, to the proposed class notice.

Comer's motion for partial summary judgment as it relates to the question of liability [dkt. # 55] is denied without prejudice and with leave to refile. The court makes a limited finding that Alabama Life failed to perform an independent calculation to determine the usual and customary charge.

In order to avoid prejudice to Alabama Life and to streamline the class action proceeding, Comer's remaining individual claims for breach of contract accompanied by a fraudulent act and bad faith claim are separated for trial pursuant to Rule 42(b).

IT IS SO ORDERED.

January 14, 2010  Joseph F. Anderson, Jr.
Columbia, South Carolina  United States District Judge