IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| Gerald Comer, | ) | C/A No.: 0:08-228-JFA |
| --- | --- | --- |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| Life Insurance Company of Alabama, | ) | |
| Defendant. | ) | |

This is a class action suit for breach of contract. Plaintiff Gerald Comer ("Comer"), individually and on behalf of the class, alleges that defendant Life Insurance Company of Alabama ("Alabama Life") improperly paid benefits pursuant to certain disease-specific supplemental insurance policies. Currently before the court is Alabama Life's motion for reconsideration, or in the alternative, motion to certify a question to the South Carolina Supreme Court. (ECF No. 120.) The parties have fully briefed the motion. The court finds that argument will not facilitate the decisional process, denies the motion, and states its reasons for doing so below.

I. <u>Legal Standard</u>

Motions under Rule 59 are not to be made lightly: "[R]econsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 James Wm. Moore et al., Moore's Federal Practice ¶ 59.30[4] (3d ed.). "Rule 59(e) permits a court to alter or amend a judgment, but it may not be used to relitigate old matters, or to raise arguments or present evidence that could have

been raised prior to the entry of judgment." Exxon Shipping Co. v. Baker, __U.S.__, 128 S. Ct. 2605, n.5 (2008) (internal citation omitted). "Mere disagreement [with a court's ruling] does not support a Rule 59(e) motion." U.S. ex rel. Becker v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th Cir. 2002) (internal citation omitted). The Fourth Circuit has held a motion to reconsider should be granted for only three reasons: (1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) to correct a clear error of law or prevent manifest injustice. Hutchinson v. Station, 994 F.2d 1076, 1081 (4th Cir. 1993). Alabama Life does not seek reconsideration on the basis of an intervening change in controlling law, or on account of new evidence, but requests reconsideration alleging clear error of law.

II.     Discussion

   A.     "Usual Charges" is a Term of Art

Alabama Life argues that this court erred in granting summary judgment on the question of liability because it construed "charges" as used in the Policy as a term of art rather than according to its ordinary and popular usage. However, implicit in the court's June 2, 2010 order is the finding that "usual charges" is a term of art, existing apart from common or ordinary usage. (See Order at 6.) The Order clearly states that one reasonable interpretation of "usual charges" is the "amount generally charged by a healthcare provider." (Id.) This definition begged the question: what is the definition of "charges"? Separate and apart from its use in the contract, the word "charges" in the definition of a term of art is

2

properly defined with reference to context and subject matter. Drawing on the court's analysis of the meaning of the word "charges," the term of art "usual charges" could reasonably be defined as (1) the amount generally accepted by a healthcare provider in satisfaction of an obligation, or (2) the amount generally billed by a healthcare provider. Though perhaps not explicit, the court's former order rested on the finding that "usual charges" is a patently ambiguous term of art, and that construing it in favor of the insureds, as South Carolina law commands, requires its definition as the amount generally billed by a healthcare provider. This conclusion provides ample support for the court's grant of summary judgment on the issue of liability.

    B.    "Charges" is Patently Ambiguous Whether Defined as a Term of Art or According to Common and Ordinary Usage

Assuming arguendo that Alabama Life has a point in its contention that South Carolina cannons of insurance contract construction preclude analysis of the contract term "charges" as a term of art, as opposed to its use in the definition of "usual charges" discussed above, the court finds that it doe not matter. The Oxford English Dictionary defines "charge" as "a pecuniary burden; expense, cost;" as well as "the price required or demanded for service rendered." The Oxford English Dictionary Vol. III 36 (2d ed. 1989). These common definitions mirror the respective positions of the parties, and because Alabama Life failed to specify which definition of "charges" it employed in the Policy, the court finds that "charges" is patently ambiguous and must be construed against Alabama Life. Accordingly, whether South Carolina law permits this court to analyze "charges" as a term of art or

3

compels its definition as a term of plan and ordinary usage, the result is the same—as employed in the Policy, a "charge" is the amount billed by the healthcare provider.

III. Conclusion

Because the court finds that "usual charges" is a term of art meaning the generally submitted bill by a healthcare provider, and because "charges" means the healthcare provider's bill regardless of whether it is analyzed as a term of art or of plain and ordinary usage, the court denies Alabama Life's motion for reconsideration and its motion for certification to the South Carolina Supreme Court. (ECF No. 120.)

    IT IS SO ORDERED.

July 27, 2010　　　　　　　　　　　　　　　　　Joseph F. Anderson, Jr.
Columbia, South Carolina　　　　　　　　　　　United States District Judge